# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL W. RUMSEY,

           Plaintiff,

   v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

           Defendant.

Civil Action No. 1:24-cv-12187-AK

Leave to file this Reply of 15 pages granted
on January 31, 2025.  *See* Doc No. 29.

**INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.      THE TIMELINESS PROVISION CAN AND SHOULD BE ENFORCED ..................... 2

      A.    *Anderson* Does Not Help Rumsey. ......................................................... 4

      B.    The Sixth Circuit's Decision In *Thompson* Does Not Help Rumsey ..................... 6

      C.    The Timeliness Provision Allows For Effective Vindication. .............................. 10

      D.    A Valid Agreement Was Formed. ....................................................... 13

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*14 Penn Plaza LLC v. Pyett*,
  556 U.S. 247 (2009).................................................................................................1, 3, 9

*Alston v. Town of Brookline*,
  997 F.3d 23 (1st Cir. 2021)...........................................................................................12

*Am. Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013)..................................................................................................10, 11

*Anderson v. Comcast, Corp.*,
  500 F.3d 66 (1st Cir. 2007)......................................................................................1, 4, 5

*Bekele v. Lyft, Inc.*,
  918 F.3d 181 (1st Cir. 2019).........................................................................................10

*Buchanan v. Tata Consultancy Servs., Ltd.*,
  2018 WL 3537083 (N.D. Cal. July 23, 2018)................................................................11

*Cedeno v. Sasson*,
  100 F.4th 386 (2d Cir. 2024) ........................................................................................10

*Chandler v. IBM*,
  2022 WL 2473340 (S.D.N.Y. July 6, 2022),
  *aff'd*, 2023 WL 4987407 (2d Cir. Aug. 4, 2023) .........................................................9

*DIRECTV, Inc. v. Imburgia*,
  577 U.S. 47 (2015).........................................................................................................15

*EEOC v. Astra U.S.A., Inc.*,
  94 F.3d 738 (1st Cir. 1996)...........................................................................................12

*Estle v. IBM*,
  23 F.4th 210 (2d Cir. 2022) ........................................................................................1, 9

*Friedmann v. Raymour Furniture Co., Inc.*,
  2012 WL 4976124 (E.D.N.Y. Oct. 16, 2012)................................................................13

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991)................................................................................................1, 3, 5, 8

*Green Tree Fin. Corp.-Alabama v. Randolph*,
    531 U.S. 79 (2000)................................................................................................10, 12

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
    571 U.S. 99 (2013)..................................................................................................5, 6

*Howell v. Rivergate Toyota, Inc.*,
    144 F. App'x 475 (6th Cir. 2005) ..............................................................................7

*In re IBM Arb. Agreement Litig.*,
    2022 WL 2752618 (S.D.N.Y. July 14, 2022),
    *aff'd*, 76 F.4th 74 (2d Cir. 2023),
    *cert. denied sub nom. Abelar v. IBM*, 144 S. Ct. 827 (2024)........................................... passim

*Iverson v. City of Boston*,
    452 F.3d 94 (1st Cir. 2006) ........................................................................................1

*Lamps Plus, Inc. v. Varela*,
    587 U.S. 176 (2019)..................................................................................................15

*Lodi v. IBM*,
    2022 WL 2669199 (S.D.N.Y. July 11, 2022),
    *aff'd*, 2023 WL 4983125 (2d Cir. Aug. 4, 2023) ...................................................1, 2

*Logan v. MGM Grand Detroit Casino*,
    939 F.3d 824 (6th Cir. 2019) .....................................................................................7

*Mabry v. W. & S. Life Ins. Co.*,
    2005 WL 1167002 (M.D.N.C. Apr. 19, 2005) ...........................................................9

*Mahoney v. Found. Med., Inc.*,
    342 F. Supp. 3d 206 (D. Mass. 2018) ........................................................................1

*Mehic v. Dana-Farber Cancer Inst., Inc.*,
    2018 WL 4189706 (D. Mass. Aug. 31, 2018) ............................................................1

*Morgan v. Sundance, Inc.*,
    596 U.S. 411 (2022)....................................................................................................8

*Morrison v. Cir. City Stores, Inc.*,
    317 F.3d 646. (6th Cir. 2003) .....................................................................................7

*Oubre v. Entergy Operations, Inc.*,
    522 U.S. 422 (1998)..................................................................................................10

*Parker v. Tenneco, Inc.*,
    114 F.4th 786 (6th Cir. 2024) ...................................................................................10

*Pfeifer v. Fed. Exp. Corp.*,
  297 Kan. 547 (2013) ...................................................................................13

*Ramirez v. Charter Comms., Inc.*,
  16 Cal. 5th 478 (2024) .................................................................................13

*Rodriguez v. Municipality of San Juan*,
  659 F.3d 168 (1st Cir. 2011) ..........................................................................1

*Rodriguez v. Raymours Furniture Co., Inc.*,
  138 A.3d 528 (2016) ....................................................................................13

*Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  170 F.3d 1 (1st Cir. 1999) ............................................................................10

*Thompson v. Fresh Products, LLC*,
  985 F.3d 509 (6th Cir. 2021) ......................................................................6, 8

*Trout v. Univ. of Cincinnati Med. Ctr., LLC*,
  2024 WL 3622834 (S.D. Ohio Aug. 1, 2024) .............................................4, 9

*Viking River Cruises, Inc. v. Moriana*,
  596 U.S. 639 (2022) ....................................................................................8, 9

*Washbish v. IBM*,
  2023 WL 2433431 (D. Conn. Mar. 9, 2023) .............................................1, 2, 3

**STATUTES**

29 U.S.C. § 626 ..............................................................................................4, 14

**OTHER AUTHORITIES**

Cir. R. 32.1(b) .....................................................................................................9

Fed. R. Civ. P. 1, 2 & 3 .....................................................................................4, 8

Fed. R. Civ. P. 12(b)(6) ......................................................................................15

## INTRODUCTION

*Nothing* in the arbitration agreement prevented Rumsey from sending IBM a timely arbitration demand. Perhaps cognizant of this fact, the Opposition doubles down on inapposite cases, while ignoring IBM's arguments and breezing over relevant authority. For example:

- Under U.S. Supreme Court precedent, the ADEA's limitations provision is not a substantive right. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 265 (2009); *see also Estle v. IBM*, 23 F.4th 210, 214 (2d Cir. 2022) (applying *14 Penn Plaza*). Rumsey fails to acknowledge this authority (Doc. No. 27 at 8-9), rendering a contrary response waived. *See Mehic v. Dana-Farber Cancer Inst., Inc.*, 2018 WL 4189706, at *13 (D. Mass. Aug. 31, 2018) (waiving "any argument to the contrary" where plaintiff did not "address defendants' argument in her opposition."); *Iverson v. City of Boston*, 452 F.3d 94, 103 (1st Cir. 2006) (describing First Circuit's "raise-or-waive" rule).

- Rumsey all but ignores *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27-33 (1991), which held that parallel arbitration does not interfere with the EEOC's investigatory process and that arbitration's limited discovery does not hinder ADEA claims. Doc No. 27 at 14-16.

- Two district courts and the Second Circuit have considered facts and claims effectively identical to those here. The plaintiff filed a timely EEOC charge; the arbitration demand was untimely under the IBM arbitration agreement but satisfied the ADEA's limitations period. *See Lodi v. IBM*, 2022 WL 2669199, at *4 (S.D.N.Y. July 11, 2022), *aff'd*, 2023 WL 4983125 (2d Cir. Aug. 4, 2023); *Washbish v. IBM*, 2023 WL 2433431, at *5 (D. Conn. Mar. 9, 2023). The courts rejected the argument that the ADEA's limitation provision was a substantive right and/or precluded effective vindication of the plaintiff's ADEA remedy. Rumsey mischaracterizes these cases as involving only piggybacking or fraudulent inducement. Doc No. 30 at 21 n.22.

- Rumsey ignores the Second Circuit's holding that the ADEA's limitations provision applies by its terms only to "civil action[s]." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 83 (2d Cir. 2023) ("*In re IBM Arb.*").

- Rumsey fails to address IBM's numerous arguments distinguishing Rumsey's primary authority, *Anderson v. Comcast, Corp.*, 500 F.3d 66 (1st Cir. 2007). Doc No. 27 at 11-13.

- Rumsey's depiction of the arbitration demand's requirements (Doc No. 30 at 19) contradicts the Timeliness Provision's express language.

- Rumsey has waived his unconscionability claim by failing to address IBM's arguments at all (Doc No. 27 at 17-19). *See Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011) ("[W]e deem waived claims not made or claims adverted to in a cursory fashion, unaccompanied by developed argument."); *Mahoney v. Found. Med., Inc.*, 342 F. Supp. 3d 206, 217 (D. Mass. 2018) (claim not addressed in opposition waived).

- And, Rumsey ignores the many federal judges who have interpreted the Timeliness Provision in the exact same way as IBM. Doc No. 27 at 6-7 n.2.

This is only the tip of the iceberg.  This Court should join the over-dozen federal judges who have rejected the same kinds of arguments Rumsey makes here and grant IBM's Motion.

## **ARGUMENT**

## I.    **THE TIMELINESS PROVISION CAN AND SHOULD BE ENFORCED.**

As IBM has explained (Doc No. 27 at 6), numerous courts have interpreted and enforced the IBM arbitration agreement and Timeliness Provision.  Two district courts and the Second Circuit have considered the Timeliness Provision's enforceability on effectively identical facts and rejected Rumsey's arguments.  *See Lodi*, 2022 WL 2669199, at *4 (holding that the Timeliness provision "provided the plaintiff with a 'fair opportunity' to seek to vindicate in arbitration the substantive right protected by the ADEA, namely, the right to be free from workplace age discrimination.") (citing *14 Penn Plaza*); *Washbish*, 2023 WL 2433431, at *5 ("Because the plaintiff has waived only 'procedural' rights under the ADEA, she has not waived any 'right or claim' under the ADEA, and the OWBPA does not apply.") (citation omitted).  Contrary to Rumsey's claim (Doc No. 30 at 21 n.22), *Lodi* involved not only piggybacking but also the same limitations argument Rumsey asserts.  *See Lodi*, 2022 WL 2669199, at *4-5 (holding that "[t]he fact that the plaintiff could have filed a timely ADEA action in federal court but for the Agreement and the Timing Provision does not render the Timing Agreement unenforceable" and considering Lodi's piggybacking argument in the alternative).  Indeed, merely glancing at Lodi's appellate brief disproves Rumsey's claim (Doc No. 30 at 21 n.22) that *Lodi* involved only "piggybacking." *See Lodi v. IBM*, 2022 WL 10490012, at *33-*43 (2d Cir. Oct. 12, 2022).

Similarly, while one of the arguments in *Washbish* concerned fraudulent inducement, the plaintiff also argued that the "the ADEA timing scheme" was a substantive right.  *Washbish*, 2023 WL 2433431, at *5.  The *Washbish* court disagreed, holding that the ADEA's limitations provision was a procedural right under *14 Penn Plaza* and *Estle* (*id.*)—cases IBM has discussed (Doc No.

27 at 8-9) but Rumsey fails to acknowledge.  Rumsey never confronts these courts' persuasive analysis or the fact that adopting his position would create a conflict among the federal courts.

Rumsey likewise pays short shrift to the numerous federal cases rejecting the argument that the ADEA's "piggybacking" rule is a substantive right.  *Id.* at 6 n.2.  In Rumsey's view, because this case does not involve piggybacking, IBM's cited authority is inapposite.  Doc No. 30 at 20-21.  But those courts (i) evaluated the Timeliness Provision at issue here; (ii) held that a 180-day or 300-day arbitration-demand requirement was reasonable; (iii) were able to construe the Timeliness Provision; and (iv) interpreted the Timeliness Provision as IBM does here—all of which are relevant holdings that Rumsey fails to address.

While the courts' ultimate conclusion that piggybacking is not a substantive right may not govern here, their legal reasoning is also informative.  The courts held that the ADEA's "substantive right" was the "right to be free from workplace age discrimination," *14 Penn Plaza*, 556 U.S. at 265, and distinguished that substantive right from procedural rights about the commencement and administration of a claim.  This same analysis compels the result that the ADEA's limitations provision is not substantive.  Doc No. 27 at 8.  Again, no answer.

As for the Supreme Court's *14 Penn Plaza* decision and the Second Circuit's decision in *Estle*, Rumsey ignores them—does not even cite them in a footnote—thereby waiving any response to them.  And Rumsey effectively ignores the Supreme Court's decision in *Gilmer,* 500 U.S. at 28-31, arguing only that *Gilmer* rejected attempts to "preclude arbitration," while he seeks to "move ahead with arbitration."  Doc No. 30 at 14.  But Rumsey seeks to override the arbitration agreement and delay arbitration in a way the agreement does not allow.  *Gilmer* forecloses the argument that arbitration must be delayed to avoid interference with the EEOC investigation and allow plaintiffs to benefit from it.  *See Gilmer*, 500 U.S. at 28-31.

Having no answer, Rumsey cites inapplicable cases and the FAC's legal conclusions. Rumsey does not and cannot dispute that the Court should not credit: (i) allegations that are legal conclusions; (ii) allegations that are contradicted by the arbitration agreement; or (iii) speculative allegations without a factual basis. Doc No. 27 at 4. At critical points, the Opposition's only support is an allegation that violates one or more of these principles. In light of these failures and waivers, the Court can stop here but Rumsey's individual arguments fail as well.

### A.    *Anderson* Does Not Help Rumsey.

Rumsey's primary argument (Doc No. 30 at 8-11) is that under *Anderson*, the ADEA's limitations provision cannot be waived. IBM has explained at length (Doc No. 27 at 11-13)—and Rumsey largely ignores—why *Anderson* is not informative. For example, the state consumer statute in *Anderson* is different in text and purpose from the ADEA; the state law's timeliness provision was differently worded; and the case was determined under inapplicable state conflict and waiver law that departs from the effective vindication doctrine. *Id.* at 11. In addition, the Timeliness Provision *reflects* the ADEA's charge-filing timeliness requirement.

IBM has also explained (*id.* at 8, citing *In re IBM Arb.*, 76 F.4th at 83; 29 U.S.C. § 626(d)) that the ADEA's limitations provision applies only to "civil action[s]," which are court actions, not arbitration. *See also* Fed. R. Civ. P. 1, 2 & 3. While Rumsey asserts that *Anderson* "directly contradict[s]" IBM's argument (Doc No. 30 at 10), the First Circuit did not consider (apparently because it did not have before it) whether the term "action," as it was used in the state law at issue, included arbitration—let alone whether "civil action" in the ADEA has its traditional, federal law meaning. Doc No. 27 at 12; *see generally Anderson*, 500 F.3d 66.[1] *Anderson* cannot "contradict" a position the court did not consider. This is presumably why Rumsey provides no page citations

---

[1] *Trout v. Univ. of Cincinnati Med. Ctr., LLC*, 2024 WL 3622834, at *7 (S.D. Ohio Aug. 1, 2024), also did not consider the meaning of "civil action."

when asserting that the First Circuit "did not accept IBM's novel view" that "civil action" means a court action.

Rumsey similarly contends that the First Circuit "rightly ignored [the] possibility" that the parties could have requested a stay of arbitration. Doc No. 30 at 11. This too was not argued or addressed in *Anderson*, and Rumsey again provides no page cite. Moreover, the *Anderson* plaintiffs were not "workers" nor were the defendants their "employers," as Rumsey suggests (*id.*) *See generally Anderson*, 500 F.3d 66. And nothing in *Anderson* addresses IBM's argument that Congress could not have intended the ADEA's limitations period to be non-waivable because plaintiffs can commence suit before the EEOC opens an investigation. Again, Rumsey fails to identify a contrary cite, because there is none. Doc No. 30 at 11.

Rumsey's attempts to draw parallels between *Anderson* and the ADEA (*id.* at 8-9) fail to render *Anderson* relevant. Rumsey proclaims that, like the *Anderson* plaintiff, he will be deprived of any remedy (*id.* at 8), but, unlike the *Anderson* plaintiff, Rumsey proved that he could satisfy the Timeliness Provision when he filed a timely EEOC charge. Rumsey also asserts (*id.*) that Congress amended the ADEA's limitations provision to give workers the benefit of the EEOC investigation and conciliation process before filing suit. *Id.* at 9. But *Gilmer* recognized that arbitration does not undermine the EEOC process, just as parties' commencing civil actions and settling fails to do so. *Gilmer*, 500 U.S. at 31. And just because the ADEA seeks to protect workers against age discrimination (Doc No. 30 at 9-10) does not mean that its limitations provision is unalterable in arbitration.[2]

Rumsey's reliance (Doc No. 30 at 10 n.7) on *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107 (2013), is baffling. There, the Supreme Court recognized that parties *can*

---

[2] Rumsey's claim that the Timeliness Provision did not establish a limitations deadline (Doc No. 30 at 10), is addressed *infra* pp. 12-13 (indefiniteness argument).

contractually shorten statutory limitations periods so long as the shorter period is "reasonable" and there is no "controlling statute to the contrary," which is a statute that "do[es] not permit parties to choose a shorter period by contract." *Id.* (citation omitted).  While Rumsey seizes on the notion of a contrary controlling statute (Doc No. 30 at 10 n.7), the Court's example of one was a provision "'declar[ing] unlawful any limitation shorter than two years from the time notice is given of the disallowance of the claim.'" *Heimeshoff*, 571 U.S. at 107 (citing and quoting *Louisiana & Western R. Co. v. Gardiner*, 273 U.S. 280, 284 (1927)).  Absent this kind of express language precluding a shorter limitations period, "statutes of limitations provide only a default rule that permits parties to choose a shorter limitations period," and "allows parties to agree not only to the length of the limitations period but also to its commencement." *Id.*  The language required to preclude contractual shortening is entirely absent from the ADEA (Doc No. 27 at 8), meaning *Heimeshoff* supports IBM.

Finally, Rumsey claims that IBM has a "fatal flaw" in its argument (Doc No. 30 at 10), because IBM cannot both adopt the ADEA's charge-filing timeliness requirement and assert that the ADEA's exhaustion and timeliness provisions do not apply to arbitration.  There is no flaw. Rumsey just ignores the difference between what is required by contract and what is required by statute.  The Timeliness Provision adopts, as a matter of contract, the ADEA's timeliness requirement for EEOC charges.  Doc No. 22-2 at 5.  That is entirely separate and different from the fact that the ADEA's exhaustion and limitations provisions apply, by their terms, only to civil actions.  Parties can contract to adopt statutory periods that otherwise would not apply.  That's not a "fatal flaw" or contradiction.  It's the freedom of contract.

### B.    The Sixth Circuit's Decision In *Thompson* Does Not Help Rumsey.

Rumsey relies extensively (Doc No. 30 at 11-14) on the Sixth Circuit's decision in *Thompson v. Fresh Products, LLC*, 985 F.3d 509 (6th Cir. 2021).  But as the Second Circuit

recognized, *Thompson* "did not involve an arbitration agreement or the FAA," rendering it facially inapplicable. *In re IBM Arb.*, 76 F.4th at 84. The court did not address and had no occasion to consider whether federal limitations provisions can be shortened for arbitration.

Prior to *Thompson*, however, the Sixth Circuit considered the relevant question and "enforce[d]" an arbitration provision shortening Title VII's limitations period. *Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 673 n.16. (6th Cir. 2003) (en banc). The court explained that the plaintiff had "failed to show that the one-year limitations period in the agreement unduly burdened her or would unduly burden any other claimant wishing to assert claims arising from their employment." *Id.*[3] After *Morrison*, the Sixth Circuit again held that the ADEA's statute of limitations could be shortened for arbitration so long as the agreed-upon filing period was "not unreasonably short," *Howell v. Rivergate Toyota, Inc.*, 144 F. App'x 475, 480 (6th Cir. 2005). The court later distinguished *Morrison* in a non-arbitration case, reasoning that the FAA was a congressionally-authorized alternative to litigation in which parties could alter limitations periods, but "outside the arbitration context, Congress has not authorized litigants to alter [them]." *Logan v. MGM Grand Detroit Casino,* 939 F.3d 824, 838 (6th Cir. 2019).

*Thompson* overruled *none* of these precedents. For good reason. *Thompson* said nothing about arbitration, and the Sixth Circuit's precedents distinguish between limitations periods for civil actions (which federal statutes address) and those for arbitration (which arbitration agreements address). Taken together, the Sixth Circuit's precedent means that the ADEA's limitations provision can be shortened for arbitration but not civil actions—which is IBM's argument here, the Second Circuit's holding in *In re IBM Arb.*, 76 F.4th at 84, and consistent with

---

[3] *Morrison* did not decide only whether the entire arbitration agreement was unenforceable. Doc No. 30 at 14 n.12. In the decision's relevant portion, the court addressed whether the limitations provision was enforceable. *See* 317 F.3d at 673 n.16. Concluding it was, the court did not address its severability. *Id.* at 675 (considering severability of unenforceable provisions).

the federal rules, which by their terms apply to "civil actions," not arbitration.  *See* Fed. R. Civ. P. 1, 2 & 3.  In addition, the Sixth Circuit's concern in *Thompson*—interference with the EEOC's process, *see Thompson*, 985 F.3d at 521—is not implicated because Rumsey was not required to file (but was free to file) an EEOC charge and the EEOC's investigatory process is not undercut by parallel, individual arbitration.  *Gilmer*, 500 U.S. at 28 ("[N]othing in the ADEA indicates that Congress intended that the EEOC be involved in all employment disputes.").

Rumsey responds that the Sixth Circuit's distinction runs afoul of the rule that the "courts must enforce arbitration agreements in the same manner as any other contract."  Doc No. 30 at 13 (citing *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)).  But *Morgan* involved a judge-made rule that applied a heightened waiver standard to arbitration agreements.  *See* 596 U.S. at 411.  Here, there is no judge-made rule treating arbitration agreements and contractual agreements differently.  Rather arbitration is different from a civil action because the federal procedural, evidentiary and other rules do not apply; the whole point of arbitration is that the parties can agree to depart from the usual rules, and the FAA requires the agreement's enforcement.  *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 660 (2022) ("[T]he FAA licenses contracting parties to depart from standard rules in favor of individualized arbitration procedures of their own design.") (internal quotation marks and citation omitted); *Gilmer*, 500 U.S. at 31 (authorizing limited discovery and speedier procedures).  Here, the parties contracted for the Timeliness Provision, and IBM seeks to enforce it as written—just like any other contract.

Rumsey's remaining authorities are similarly inapt.  For example, the EEOC's amicus brief in *Thompson* (Doc No. 30 at 12 n.9) "did not take any position on the question at issue here because, as noted, *Thompson* did not involve an agreement to arbitrate."  *In re IBM Arb. Agreement Litig.*, 2022 WL 2752618, at *8, n. 14 (S.D.N.Y. July 14, 2022), *aff'd*, 76 F.4th 74 (2d Cir. 2023).

In addition, the brief relied on "the Sixth Circuit's prior decision in *Logan*, which, as discussed, acknowledged that a different conclusion would be warranted in the arbitration context." *Id.* The same reasoning forecloses Rumsey's reliance on *Mabry v. W. & S. Life Ins. Co.*, 2005 WL 1167002 (M.D.N.C. Apr. 19, 2005), which involved a shortened limitations period for Americans with Disabilities Act lawsuits, wholly unrelated to the arbitral context. The Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022), is similarly misplaced because, as Rumsey acknowledges (Doc No. 30 at 13), it is about substantive rights. The Timeliness Provision does not implicate Rumsey's "right to be free from workplace age discrimination." *14 Penn Plaza*, 556 U.S. at 265; *see Estle*, 23 F.4th at 214 (same).

The Southern District of Ohio's decision in *Trout*, 2024 WL 3622834, at *7, is likewise of no moment. There, the court found that the federal claim at issue was "no longer arbitrable" due to waiver, taking it outside of the arbitration context. *Id.* at *5. In addition, the district court's conclusion that *Morrison* and *Logan* are no longer good law (because *Thompson* supposedly adopted a "categorical rule" prohibiting shortened limitations periods) is irreconcilable with the Sixth Circuit's rule that a published panel opinion "is overruled only by the court en banc." 6 Cir. R. 32.1(b). Since *Morrison* was an en banc decision and *Thompson* was not and did not purport to overrule anything, *Morrison*, *Thompson*, and *Logan* must be harmonized. And they can be, easily, given the Sixth Circuit's distinction between arbitration and civil actions. *See also Chandler v. IBM*, 2022 WL 2473340, at *6 (S.D.N.Y. July 6, 2022) *aff'd*, 2023 WL 4987407 (2d Cir. Aug. 4, 2023) ("the *Logan* court explicitly wrote that its holding did not extend to the context of arbitration agreements" and "did not disturb an earlier [Sixth Circuit] ruling . . . that upheld a provision in an arbitration agreement that shortened the time period for prosecuting Title VII

claims in arbitration."); *In re IBM*, 2022 WL 2752618, at *8 (similar).[4]

Finally, contrary to Rumsey's contention (Doc No. 30 at 12 n.10), the First Circuit has definitively held that the Supreme Court's decision in *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-27 (1998)—a non-arbitration case—"did not consider whether the OWBPA applies to waivers of procedural as well as substantive rights." *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 13 (1st Cir. 1999). Rather, *Oubre* concluded that "[t]he statutory command is clear: [a]n employee 'may not waive' an ADEA claim unless the waiver or release satisfies the OWBPA's requirements." *Oubre*, 522 U.S. at 426-27 (emphasis added); *see also Rosenberg*, 170 F.3d at 13 ("[T]he [Oubre court's] reference to 'claim' suggests that the waiver provisions refer to substantive claims.") (discussing *Oubre*, 522 U.S. 422 at 426-27).

**C.      The Timeliness Provision Allows For Effective Vindication.**

The Supreme Court has *never* invalidated an arbitration provision under the "effective vindication" doctrine, as Rumsey's authority admits. *See Cedeno v. Sasson*, 100 F.4th 386, 395 (2d Cir. 2024) ("Although the Supreme Court has never invalidated a provision in an arbitration agreement [based on the effective vindication doctrine] . . ."). Rumsey's authorities demonstrate (Doc No. 30 at 14 n.13) that the doctrine is applied (if ever) narrowly, when the "party's *right to pursue* statutory remedies" is gone. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013); *see Cedeno*, 100 F.4th at 405 (clause removed "the only available statutory vehicle for vindicating [plaintiff's] rights").[5] The Timeliness Provision did not prevent Rumsey from pursuing his

---

[4] The *Trout* court's remaining analysis—which mirrors Rumsey's arguments—is deficient for the reasons already explained, *see supra* pp. 7-8.

[5] Rumsey's remaining authorities are similar. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89-90 (2000) (lack of cost-allocation term did not preclude effective vindication); *Parker v. Tenneco, Inc.*, 114 F.4th 786, 793-97 (6th Cir. 2024) (class action waiver precluded effective vindication where ERISA did "not provide a remedy for individual injuries"); *Bekele v. Lyft, Inc.*, 918 F.3d 181, 189 (1st Cir. 2019) (unconscionability).

remedies; it required him to file an arbitration demand within the 300-day charge period, which countless courts have found achievable. *See* Doc No. 27 at 6-7 n.2.

Rumsey nonetheless claims that the Timeliness Provision "harms his ability to effectively vindicate" his rights by undercutting "his right under the ADEA to benefit from the EEOC's investigation before filing a claim." Doc No. 30 at 15; *id.* at 3. But the Supreme Court and First Circuit have held that there is no individual right to the EEOC's investigatory process or evidence (Doc No. 27 at 15). The EEOC's investigatory process is the agency's own enforcement authority, not an individual right (*id.* at 14 (citing *EEOC v. Astra U.S.A., Inc.*, 94 F.3d 738, 744 (1st Cir. 1996); *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 18 (1st Cir. 1979); *Johnson v. Rodriguez*, 943 F.2d 104, 108-09 (1st Cir. 1991)). Thus, Rumsey's primary cites are legal conclusions in his own Complaint (Doc No. 30 at 17-18), which cannot overcome binding precedent.

In addition, "benefit[ting] from the EEOC's investigation" does not implicate Rumsey's right to pursue a remedy but his ability to secure evidence and advance the *merits* of his claims. The effective vindication doctrine does not protect such evidence-based and merits-based concerns. *See Italian Colors Rest.*, 570 U.S. at 236; *see also Buchanan v. Tata Consultancy Servs., Ltd.*, 2018 WL 3537083, at *8 (N.D. Cal. July 23, 2018) (rejecting argument that the effective vindication doctrine could preclude introduction of "pattern-or-practice evidence"). Rumsey's claim that he "would not have been able to . . . participate in conciliation" under the Timeliness Provision (Doc No. 30 at 18) is wrong. The arbitration agreement states that Rumsey could file a charge and participate in the EEOC process, and he did. Doc No. 22-2 at 2 ("By accepting this Agreement, you do not release. . . your right to file a charge with or participate in any investigation or proceeding conducted by the [EEOC]."). But participation did not relieve Rumsey of the obligation to tender a timely arbitration demand. *Id.* at 5; Doc No. 27 at 13-16.

With respect to Rumsey's argument that his EEOC filing does not demonstrate that he could effectively vindicate his claim in 300-days (Doc No. 30 at 4, 18-19), Rumsey misstates the arbitration demand's requirements. He was *not* required in 300 days to have filed "an adversarial claim for relief in arbitration, paid a filing fee, survived a motion to dismiss for failure to state a claim, attempted to discover and prove his case under the Federal Rules of Evidence, and received a binding decision." *Id.* at 19. The Timeliness Provision's undisputed language required that Rumsey submit a written demand to the IBM Arbitration Coordinator that "set[s] forth the dispute"—specifically, "the alleged act or omission at issue and the names of all persons allegedly involved in the act or omission; your name, address, telephone number, and email address; and your IBM employee serial number." Doc No. 22-2 at 5.[6] That is strikingly similar to what the EEOC's guidance suggests for a charge. Doc No. 27 at 12-13. Rumsey has no answer to the arbitration agreement's plain language or the EEOC's own guidance, and no allegation can validly contradict them. Rumsey's reliance on language that arbitration will *substitute* for a court action (Doc No. 30 at 19) does not inform what is required in the arbitration demand. And, the arbitration agreement advised Rumsey IN ALL CAPS: "CONSULT WITH A LAWYER BEFORE YOU ACCEPT THIS AGREEMENT." Doc No. 22-2 at 3.

Rumsey's remaining points lack merit. He invokes *EEOC v. Astra U.S.A., Inc.*, 94 F.3d at 744 (Doc No. 30 at 16 n.17), but ignores that the agreement in *Astra prohibited* cooperation with the EEOC. *Astra*, 94 F.3d at 744; *see* Doc No. 27 at 14. The arbitration agreement expressly permitted Rumsey to cooperate with the EEOC (and he did). *See* Doc No. 22-2 at 2. This fact renders *Astra* inapplicable. *See Alston v. Town of Brookline*, 997 F.3d 23, 51 (1st Cir. 2021). And,

---

[6] Rumsey was also required to submit a check in an amount equivalent to "the filing fee for the court of general jurisdiction in the state where you last worked for IBM," but a court filing fee does not preclude effective vindication. *See Green Tree Fin. Corp.-Alabama*, 531 U.S. at 89-90.

Rumsey again cites *Ramirez v. Charter Comms., Inc.*, 16 Cal. 5th 478, 501 (2024), but, as IBM

explained (Doc No. 27 at 10 n.5), *Ramirez* holds that limitations periods are *not* substantive rights;

the court nonetheless found a 60-day period unconscionable. *Ramirez*, 16 Cal. 5th at 501. Rumsey

has now waived his unconscionability argument, rendering *Ramirez* inapplicable. The other state

courts decisions Rumsey cites (Doc No. 30 at 17 n.19) are further afield. *See Rodriguez v.*

*Raymours Furniture Co., Inc.,* 138 A.3d 528, 540 (2016); *Pfeifer v. Fed. Exp. Corp.*, 297 Kan.

547, 558 (2013).

### D.   A Valid Agreement Was Formed.

Over a dozen federal courts—including the U.S. Courts of Appeals for the Second,

Eleventh and D.C. Circuits—have analyzed the Timeliness Provision. Doc No. 27 at 6-7 n.2; *id.*

at 19 n.9. *All* have interpreted it the same way—as mirroring the timing of the ADEA's charge

filing requirement—and failed to find it ambiguous. *Id.* This fact, without more, dooms Rumsey's

indefiniteness argument because the Timeliness Provision is demonstrably capable of

construction. *Id.* at 19. Rumsey's only answer is that these cases involved the "piggybacking

rule." Doc No. 30 at 20. That is entirely beside the point; the courts could and did interpret the

Timeliness Provision and did so in the exact way IBM advocates. And despite Rumsey's

speculation (*id.* at 24), no court tripped up over the word "or" when interpreting the Timeliness

Provision. The fact that so many independent, reasonable people interpreted the Provision in the

same way should render it definite as a matter of law.

Rumsey's Opposition cannot overcome this precedent. *First*, Rumsey's cited cases (Doc

No. 30 at 21-22) are unhelpful. They *recognize* that federal limitations periods can be shortened

by contract. *See Friedmann v. Raymour Furniture Co., Inc.*, 2012 WL 4976124, at *2 (E.D.N.Y.

Oct. 16, 2012). To the extent the cited authorities suggest that such contracts are enforceable only

when the parties use certain express language, they are inapposite. The courts reasoned that

express language was required when the contract *changed* a statute's limitations period.  The ADEA has no limitations period for filing arbitration; thus, the Timeliness Provision is not changing the ADEA; it actually *adopts* the ADEA's charge-filing timeliness requirement.

*Second*, Rumsey claims that IBM should have expressly referenced an arbitration deadline of "300 days."  Doc No. 30 at 22, 24.  But the fact that the Timeliness Provision could have been drafted differently does not render it unclear or incapable of construction.  In addition, Rumsey's approach would have added confusion, not clarity, because the time for filing an EEOC charge varies depending on the plaintiff's jurisdiction.  *See* 29 U.S.C. 626(d)(1)(A), (B).  To track the ADEA, the clearest formulation was the one used in the Timeliness Provision.  Doc No. 22-2 at 5.  The same reasoning applies to Rumsey's argument that the Timeliness Provision should have used the term "charge" instead of "claim."  Doc No. 30 at 23.  Different agencies use different names for the initial charging forms.

In all events, Rumsey's own actions prove that the Timeliness Provision did not "require[] specialized legal knowledge to interpret."  Doc No. 30 at 22.  Rumsey clearly understood what it meant to go before a government agency and the ADEA's charge-filing requirements, because he filed a timely charge while unrepresented by counsel.  Doc No. 22 ¶¶ 9, 52.

*Third*, Rumsey again asserts that the Timeliness Provision is "contradictory" and "[in]consistent."  Doc No. 30 at 23-24.  But, as explained (*supra* p. 6), there is nothing contradictory about the fact that the *ADEA* does not, by *its* terms, extend its exhaustion and timeliness requirements to arbitration, but the *arbitration agreement*, by *its, entirely separate* terms, adopts the ADEA's charge-filing timeliness requirement.  The first is about the terms of the statute.  The second is about the terms of the arbitration agreement.

*Fourth,* Rumsey's claim that any ambiguities in the Timeliness Provision "must be

construed against the drafter" was rejected in *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 186 (2019). The Supreme Court held that this maxim "seeks ends other than the intent of the parties," and is thus "flatly inconsistent with the foundational FAA principle that arbitration is a matter of consent." *Id.* at 187-88; *see also DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 58 (2015) ("the reach of the canon construing contract language against the drafter must have limits, no matter who the drafter was"). And contrary to Rumsey's claim (Doc No. 30 at 24-25), the fact that there is only one way to read the Timeliness Provision and give each of its provisions meaning is not proof of "careless drafting" but proof that IBM's interpretation must be correct. Doc No. 27 at 19-20.

## <u>CONCLUSION</u>

The Court should grant IBM's motion to dismiss under Rule 12(b)(6) with prejudice.

Dated:  February 18, 2025                    Respectfully submitted,

<u>/s/ Traci L. Lovitt</u>
Bar No. 680619
tlovitt@jonesday.com
**JONES DAY**
100 High Street, 21st Floor
Boston, MA 02110-1781
Telephone:  617.960.3939
Facsimile:  617.449.6999

and

Patrick M. Corley (*Pro Hac Vice*)
pcorley@jonesday.com
**JONES DAY**
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone:  404.581.3939
Facsimile:  404.581.8330

*Attorneys for Defendant International
Business Machines Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to this Court's Electronic Order on January 31, 2025, granting the parties Joint Motion for Leave to Enlarge page Limits for the Opposition and Reply Brief, I certify that the foregoing reply in support of IBM's motion to dismiss the First Amended Complaint for Declaratory and Injunctive Relief contains 15 pages. *See* Doc No. 29.

Dated:  February 18, 2025                         */s/ Traci L. Lovitt*                                 
                                                                  Traci L. Lovitt

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2025, a true copy of the foregoing document filed

through the ECF system will be electronically sent to all counsel of record.

Dated:  February 18, 2025        <u>*/s/ Traci L. Lovitt*</u>
                                          Traci L. Lovitt